Josefina García Pagés et al., Petitioners and Appellants, *v.* José Gallardo et al., Respondents and Appellees.

No. 7793.  Argued February 1, 1940.—Decided February 21, 1940.

*Rafael Soltero Peralta* for appellants.  *George A. Malcolm, Attorney General,* and *E. Campos del Toro, First Assistant Attorney General,* for appellees.  *Virgilio Brunet* for appellee Piñeiro.

Mr. Justice Travieso delivered the opinion of the court.

It is alleged by the petitioners herein that they had been, each of them, in the service of the Insular Government, as public school teachers, continuously for more than 21 years; that upon the enactment of the act creating a pension fund for the teachers of Puerto Rico (Act No. 62, approved on

December 5, 1917, Sess. Laws of 1917) the petitioners, in compliance with the provisions thereof, contributed to the pension fund with one per cent of their respective salaries; that on their retirement from the service, the pension board granted to each of them a life pension which they received until July 25, 1928, when the pension board reduced it; that they received the pension so reduced until June 30, 1935, and that thereafter the board increased their pensions to $28.50 monthly each, which the petitioners have been receiving until the filing of their mandamus petition.

The petitioners went on alleging that they have requested the pension board to refund them the sums deducted from their respective salaries, which the board has refused to do; that the board has sufficient funds to meet such payments; that it is a ministerial duty of the board to order such payments; and that the petitioners have no other adequate legal remedy than that of mandamus to obtain the payment of their claims.

The petitioners pray for an order directing the respondents to authorize the payment of $2,446.66 to Josefina García Pagés; of $2,150 to Luisa Fernández Callejo, and of $2,150 to Laura Gilestra; and further that they be ordered, as from December 1, 1936, when the petition was filed, to authorize the payment of a $50 monthly pension to each of them.

An alternative writ was issued to which the respondents answered denying some of the facts and admitting others. As special defenses they alleged as follows:

1. That the petition fails to state facts sufficient to constitute a cause of action.

2. That the writ of mandamus is not available to the petitioners, because in this jurisdiction "a pension is not a legal right and that it is within the discretion of the Legislature to alter, modify or repeal pension laws of its will."

3. That the petitioners have incurred in laches and are estopped from prosecuting this action after having accepted, without protest,

during eight years the readjustment pension and without challenging the conduct of the respondents.

José Joaquín Rovira, a member of the Teachers's Association of Puerto Rico, filed a complaint in intervention in opposition to the petition.

On December 29, 1937, the District Court of San Juan, rendered judgment dismissing the petition and imposing the costs on the petitioners, without attorney's fees. The petitioners appealed and assigned thirteen errors, of which only those marked 9, 10 and 12 deserve to be passed upon by us. It is substantially alleged therein that the lower court erred in holding that the validity of the Pension Act No. 62 of 1928 was upheld in *Domenech* v. *Board*, 42 P.R.R. 584; in holding that it is within the power of the Legislature to repeal, modify or alter the pension laws without distinguishing between gratuitous pensions and those under a retirement system in which the employee is called upon to contribute out of his salary to the pension fund and where the pension forms part of the contract with the teacher or employee; in holding that there had not been any breach of contract, nor had the pensioned teachers been deprived of their property without due process of law.

We will consider together the errors assigned, because actually there is only one legal question submitted to us for decision.

■ Section 9 of Act No. 62, approved December 5, 1917, provides as follows:

"Section 9.—That all teachers who receive salary as such from The People of Puerto Rico for rendering their professional services in any public educational institution after this Act takes effect, shall contribute one per cent of their salaries to the 'Pension Fund.' District supervisors shall contribute am equal amount. After the approval of this Act all contracts entered into by teachers to teach in the public schools, shall be considered subject to the provisions of this Act, and payment of the required contribution shall be a part of the contract and shall be stated therein."

Section 10 of the above act, as amended by Act No. 79 of 1921 as amended by Act No. 41 of 1925, provides as follows:

"Section 10–(a) That any teacher contributing to the pension fund who shall have taught in the public schools of Porto Rico for a period of twenty-one years shall be entitled to a pension in accordance with the average salary received by such teacher in the last five years of practice, as follows:

"Teachers whose average salary does not reach $75 per month _____ $40 per month
"Teachers whose average salary exceeds $75 but less than $100 per month_____ $50 per month
"Teachers whose average salary exceeds $100 but is less than $125 per month_____ $60 per month
"Teachers whose average salary exceeds $125 but is less than $150 per month_____ $70 per month
"Teachers whose average salary exceeds $150 but is less than $200 per month_____ $80 per month
"Teachers whose average salary exceeds $200 per month _____ $90 per month

On May 8, 1928, subsequent to the retirement of the petitioners herein, the Legislature of Puerto Rico enacted Act No. 68, (Session Laws of 1928), wherein it is provided:

"Section 14.—(a) Every teacher who has served for a term of not less than twenty- one years and who is at least forty-five years of age, shall be entitled to a pension according to the average of all salaries received by him during the years of service stated below, in accordance with the following scale:

"21 years of service_____ 40 per cent
"25 years of service_____ 50 per cent
"30 years of service_____ 60 per cent
"Over 30 years of service_____ 65 per cent

"*Provided,* That the maximum pension shall in no case exceed six hundred dollars a year, and the minimum shall not be less than three hundred and sixty dollars in the case of teachers pensioned after rendering twenty-one years of service; *Provided, further,* That the Pension Board is hereby authorized to pay out of the Pension Fund (a) bonus of ten dollars for each school month to every teacher who, being entitled to a pension, continues to render services as such teacher in the public schools of Porto Rico."

The issue in the present case is this: Has any right, vested in the petitioners by Act No. 62 approved December 5, 1917, been infringed by the application of subsequent legislation, that is, section 14(a) of Act No. 68 of 1928?

The first point to be determined is whether the contribution from teachers to the pension fund created by Act No. 62 of 1917 is "compulsory" or "voluntary." To our judgment such contribution is compulsory. It is not provided in the law that the teacher may, or shall have the right to, contribute, at will, "That all teachers—says the statute—who receive salary as such from The People of Puerto Rico . . . . . . . . *shall contribute* one per cent of their salaries to the Pension Fund." The law does not grant to the teacher the option or right of election. A teacher becomes bound to contribute one per cent of his salary from the moment of his acceptance of his appointment; and the annual amount of his contribution is deducted from his salary for the month of March in each year. If the teacher refused to bind himself to contribute to the fund, the Department of Education could not appoint him as such teacher, for it is a mandatory provision of law for every teacher to contribute to the pension fund. The legal provision that in every contract entered into by a teacher there shall be stated the obligation on his part to contribute to the pension fund does not detract from the compulsory character of the contribution. Could a teacher successfully insist that his contract should not contain such an obligation? Certainly not, because the other contracting party could not consent to the elimination of this clause. The obligation to contribute to the pension fund does not arise from the free will of the teacher but from the express statutory mandate; and such obligation would be embodied in the contract between a teacher and the Government even though no mention of it were made in the contract.

■■ As the contribution to the fund is compulsory, the payment of the pension can not be held to be a contractual obligation that may not be affected by any subsequent legis-

lation that might reduce the amount of the contribution from the teacher. No right is vested in the pensioner to the continuous payment for an indefinite period of the same amount of the pension received by him at the time of his retirement. A pension may be abolished or reduced at the discretion of the Government. It was so held by the Court of Appeals for the First Circuit in *MacLeod* v. *Fernández,* 101 F. (2d) 20, in which it was alleged that section 11 of Act No. 23 of July 16, 1935, (Sess. Laws of 1935 (II)), which reduced the pension originally granted to an employee of the People of Puerto Rico, infringed the provisions of section 2 of the Organic Act of Puerto Rico by depriving such employee of his rights acquired under Act No. 73 of 1930 (Sess. Laws of 1930).

We feel compelled by the decision in *MacLeod* v. *Fernández, supra,* to hold that the petitioners and appellants have acquired no vested right to the continuous payment of the pension originally assigned to each of them. See also 21 R.C.L. 242; *City of Dallas* v. *Trammell,* 129 Tex. 150, 112 A.L.R. 997; *People* v. *Retirement Board,* 326 Ill. 579, 54 A.L.R. 940; *Raines* v. *Board of Trustees,* 365 Ill. 610, 7 N.E. 489; *Dodge et al* v. *Board of Education,* 364 Ill. 547, 5 N.E. (2d) 84.

The judgment appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.