## IN RE SMITH.

(Filed June 10, 1902.)

PENSIONS — *Pensioners* — *Personal* ·*Representatives* — *Acts 1899, Chap. 198.*

A warrant for a pension issued after death of pensioner, does not become a part of assets of deceased pensioner, but must be returned to the State for cancellation.

ACTION by Samuel Smith and others, pensioners, heard by Judge *W. B. Council*, at Chambers, at Hickory, N. C., January 29, 1902. From a judgment for the pensioners, the State Board of Pensions appealed.

*Avery & Avery,* for the pensioners.

*Robert D. Gilmer,* Attorney-General, for the State Board of Pensions.

MONTGOMERY, J.   The matter in controversy was submitted without action and the agreed facts are few and simple. The several applications of the deceased pensioners were duly approved by the Pension Board of Burke County, in July, 1901, and the same were certified as being "correct and just" under the act, and thereupon the State Board of Pensions, on the first day of December following, not knowing that the pensioners had died since their applications had been certified and filed, issued in their names pension warrants under the Act of 1899, and the same are now in the hands of the Register of Deeds of Burke.   The question for decision is whether these warrants are assets of the estates of the deceased pensioners, or whether they must be returned to the Department of the Auditor for cancellation.   If pensions are granted in aid of the pensioners for their future support for the year ensuing, then these warrants are to be returned to the Auditor; if they are granted to reimburse and compensate the pensioners for money paid out by them for their past support, then the warrants are assets of their estates.   Pensions are personal to the pensioners and they are not granted alone on the consideration of meritorious services rendered the public, but they are granted because of the necessities, condition and circumstances of the pensioners.   They are not prizes or rewards, but they are charitable gifts—because of indigent circumstances of the pensioners.   If any authority were needed for the correctness of that definition it will be found on a reference to Section 8, of Chap. 198, of the Act of 1889, which reads as follows:   "That no officer, soldier, sailor or widow holding a national, State or county office which pays annually a salary or fees in the sum of three hundred dollars,

or who owns, in his or her own right, or in the right of his wife, property of the value of five hundred dollars as assessed for taxation, or who is receiving aid from the State under any act providing for the relief of soldiers who are blind or maimed, shall be entitled to any of the benefits of this act."

The purpose of a pension, then, is to enable the pensioner to live upon, and by means of the gift, and it is not intended as a reimbursement for money already expended by the pensioner in his support. We think, therefore, that the position of the State Board of Pensions that pension warrants under our statute and generally, are for the ensuing year, is a correct one; and as the pensioners were dead when the warrants were issued, it follows that the warrants should be returned to the Auditor for cancellation. If the pensioners had been living at the time the warrants were issued, but had died before they had received the warrants, then the warrants would, under Section 13 of the act, have been assets of the estates of the pensioners. The statute in substance provides for the issuing of only one warrant to each pensioner annually—and that for the whole amount of the pension, and as we have said, for the ensuing year; and we can not see that Chapter 228 of the Acts of 1895 can be of any force or effect.

Upon the agreed facts the judgment should have been for the State Board of Pensions, and that the warrants should be returned to the Auditor.

Reversed.