## GILL v. DIXON.

(Filed September 30, 1902.)

PENSIONS—*Assignment—Acts 1889, Chap. 198—The Code, Sec. 177.*

A pension to become payable in the future is not assignable.

ACTION by D. H. Gill against Wm. Dixon and others, heard by Judge *H. R. Bryan,* at February Term, 1902, of the Superior Court of VANCE County. From a judgment sustaining a demurrer to the complaint, the plaintiff appealed.

*T. T. Hicks,* for the plaintiff.
*W. B. Shaw,* for the defendants.

MONTGOMERY, J. The defendants in this action executed and delivered to the plaintiff a paper writing, a copy of which is as follows: "I, William Dixon, am now indebted to D. H. Gill in the sum of one hundred and twenty-five dollars, after a full and complete statement of all matters between us; for this he holds a mortgage on my horse and other personal property, which I am desirous that he shall indulge. I am in receipt of a pension annually from the State of North Carolina, on account of services in the late war of the Confeder-

acy.    This pension, and all sums to be due me thereon from year to year hereafter, I assign to said D. H. Gill, and hereby give him full power and authority to collect the same and receipt for it in my name, until the proceeds therefrom shall pay this debt and interest.    This assignment of my said pension is made upon the further consideration that he now permits me to have and remove from his land my crop of corn, about twenty-five barrels, made this year, which is liable to him for the rent and supplies which compose the debt due by me to him and mentioned above.    In the event of my death or the cessation of said pension in any way for any cause, he shall not be obliged to indulge his said mortgage any longer, and may foreclose the mortgage at once.    Bettie Dixon, wife of said William Dixon, hereby assents to the assignment of this pension, and agrees that in the event of the death of her said husband prior to her death, this shall operate to pass and assign to said D. H. Gill any pension that may accrue to her as his widow, until this debt is paid and satisfied.    This 31st December, 1896."

Pursuant to the above agreement, the pensioner, William Dixon, delivered to the plaintiff, or permitted him to receive, pension warrants for the years 1897, 1898 and 1899, but since that time has refused to have applied to the debt the warrants for pensions.    They are held by some one to await the result of this action.    The object of this suit is to have the pension warrants which have been issued to defendant Dixon since 1899, subjected to the payment of the balance due on his debt to the plaintiff.    The defendants filed a demurrer to the complaint, in which they assign various grounds upon which it is contended that the assignment was invalid.    The demurrer was sustained.    The question is, Were the future pensions undertaken to be conveyed in the agreement assignable at law?    It is not denied that a warrant for a pension is assignable.    It is the State's obligation and promise to

pay. But legislative provision for a pension until the warrant has been issued is not a contract between the State and the pensioner. Pension legislation is largely founded on charitable considerations—the idea of a gift to the pensioner for his future support. *In re Smith,* 130 N. C., 638. It would seem, therefore, that under section 177 of The Code, a pension, to become payable in the future, would not be assignable. The language of The Code is: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." The plaintiff, however, contends that section 11 of the Pension Act, Chapter 198 of the Laws of 1889, recognizes the right and promise of the pensioner to assign or sell a future pension. That section is in the following words: "Any person who shall speculate or purchase for a less sum than that to which each may be entitled, the claim of any soldier or sailor, or widow of a deceased soldier or sailor, allowed under the provisions of this act, shall be guilty of a misdemeanor," etc. The word "claim," it is insisted, embraces more than the *warrant* for the pension. We do not concur in that interpretation. The legal meaning of the word "claim," without other qualifying language, is a demand for something as a right, something that could be in law the subject of a demand. These are no words in the section quoted that extend or enlarge the legal meaning of "claim," and we must hold that it refers to a warrant issued for the pension. It therefore follows that the paper-writing executed by the defendants to the plaintiff is inoperative, and the demurrer was properly sustained.

No Error.