**GRIFFITH v. RUDOLPH et al., Commissioners of the District of Columbia.**

(Court of Appeals of District of Columbia. Submitted April 8, 1924. Decided May 5, 1924.)

No. 4066.

1. **District of Columbia ⊂⇒7—Superintendent of insurance may be dismissed without hearing.**

In view of Act June 11, 1878, § 3, superintendent of insurance of District of Columbia, appointed under Code, § 645, may be dismissed by Commissioners without a hearing, notwithstanding Act Aug. 24, 1912, § 6 (Comp. St. § 3287), and Act May 22, 1920, §§ 1, 8, 9, 11 (Comp. St. Ann. Supp. 1923, §§ 3287½aa, 3287½ll, 3287½n, 3287½o).

2. **District of Columbia ⊂⇒7—Officers and employees not within United States civil service.**

Officers and employees of District of Columbia are not officers and employees of general federal government, and are not brought within United States civil service by Act May 22, 1920 (Comp. St. Ann. Supp. 1923, §§ 3287½–3287½ss).

3. **Officers ⊂⇒7—Power of removal incident to power of appointment.**

In absence of a special provision to the contrary, power of removal from office is incident to power of appointment.

4. **District of Columbia ⊂⇒7—Superintendent of insurance is a subordinate official, under control of commissioners.**

Superintendent of insurance is a subordinate official, appointed by and under control of commissioners of the District, and not an executive officer, and not within Act June 11, 1878, § 3.

5. **Constitutional law ⊂⇒102(2)—Employee of District of Columbia has no vested right in retirement fund.**

An employee of the District of Columbia has no vested right, under Act Aug. 24, 1912, and Act May 22, 1920 (Comp. St. Ann. Supp. 1923, §§ 3287½–3287½ss), in the insurance retirement fund, made up of the deductions from salaries, of which he could not be deprived, except by due process of law, in view of sections 8 and 9 (Comp. St. Ann. Supp. 1923, §§ 3287½ll, 3287½n).

Appeal from the Supreme Court of the District of Columbia.

Petition for writ of mandamus by Lewis A. Griffith against Cuno H. Rudolph and others, Commissioners of the District of Columbia, to vacate an order removing petitioner as Superintendent of Insurance. Affirmed.

W. Gwynn Gardiner and J. William Tomlinson, both of Washington, D. C., for appellant.

Francis H. Stephens and Ringgold Hart, both of Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, Associate Justices, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is a petition for a writ of mandamus requiring the commissioners of the District of Columbia to vacate an order removing the petitioner as superintendent of insurance. The material facts made by the petition and answer are substantially as follows:

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On June 4, 1919, petitioner was appointed superintendent of insurance of the District by the commissioners, at an annual salary of $3,500, as provided in section 645 of the District Code. On June 21, 1922, without having been served with notice of any charges preferred against him, and without opportunity to be heard, petitioner was removed. On the 29th of June following he filed the petition herein, which was dismissed in the court below, and the case brought here.

[1] Appellant contends that, under the provisions of the Act of May 22, 1920 (41 Stat. 614 [Comp. St. Ann. Supp. 1923, §§ 3287½–3287½ss]), entitled "An act for the retirement of employees in the classified civil service, and for other purposes," he was brought within the protection of section 6 of the Act of August 24, 1912 (37 Stat. 555 [Comp. St. § 3287]), in part as follows:

"That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing, and affidavits in support thereof."

The specific provision in the act of 1920, upon which appellant relies, reads as follows:

"All regular annual employees of the municipal government of the District of Columbia, appointed directly by the commissioners, or by other competent authority including those receiving per diem compensation paid out of general appropriations, but whose services are continuous, and including public school employees, excepting school officers and teachers, shall be included in the provisions of this act, but members of the police and fire departments shall be excluded therefrom." Section 1 (Comp. St. Ann. Supp. 1923, § 3287½aa).

Section 8 of this act (Comp. St. Ann. Supp. 1923, § 3287½ll) provides for monthly deductions of 2½ per centum from the basic salary, pay, or compensation of each employee to whom the act applies, and requires the Secretary of the Treasury to transfer such amounts on the books of the Treasury Department to the credit of a special fund, to be known as "the civil service retirement and disability fund," which fund, the section further provides, "is hereby appropriated for the payment of annuities, refunds, and allowances as provided in this act." This fund is required to be invested in interest-bearing securities.

Section 9 of the act (Comp. St. Ann. Supp. 1923, § 3287½n) provides that every employee coming within its provisions shall be deemed to consent and agree to such deductions—

"and payment less such deductions shall be a full and complete discharge and acquittance of all claims and demands whatsoever for all regular services rendered by such employee during the period covered by such payment."

Under section 11 of the act (Comp. St. Ann. Supp. 1923, § 3287½o), in the event of the separation from the service of any employee to whom the act applies, before becoming eligible for retirement on an annuity:

"The total amount of deductions of salary, pay, or compensation with accrued interest computed at the rate of 4 per centum per annum, com-

pounded on June 30 of each fiscal year, shall, upon application, be returned to such employee."

[2] Officers and employees of the District of Columbia are not officers and employees of the general government of the United States, and therefore are not brought within the civil service of the United States (opinion of Attorney General, April 28, 1898, 22 Op. Attys. Gen. 59), unless brought within it by the act of 1920. That act provided for the retirement of employees in the classified civil service of the United States. It was recognized that employees of the District of Columbia, not being in the classified civil service, would not be entitled to the benefits of this act unless expressly brought within its scope. That could have been effected either by extending to these municipal employees all the rights and privileges applicable to employees in the classified civil service, or by special provisions merely extending to them the benefits of this retirement statute. The declaration in the statute, therefore, that employees of the District "shall be included in the provisions of this act," obviously was intended to mean nothing more than that such employees are entitled to the retirement privileges contained in the act.

Had Congress intended to make applicable to these municipal employees the general provisions of the civil service law, apt language to that effect would have been used. The provision in the Act of August 24, 1912, requiring that persons in the classified civil service be given written notice of charges and an opportunity to be heard, constitutes a substantial barrier against the exercise of arbitrary power, without which the civil service law would afford little or no protection to those in whose interests it was enacted. See U. S. v. Wickersham, 201 U. S. 390, 26 Sup. Ct. 469, 50 L. Ed. 798, and Kalbfus v. Siddons, 42 App. D. C. 310. No reason is perceived why employees of the District of Columbia, who are performing a public service under conditions approximating those surrounding employees of the general government, should not be brought within the protection of the salutary provisions of the civil service law. But these considerations should be addressed to Congress, since our duty is to interpret and not to make the laws.

[3] In the absence of special provision to the contrary, the power of removal from office is incident to the power of appointment. Keim v. United States, 177 U. S. 290, 20 Sup. Ct. 574, 44 L. Ed. 774. Here, instead of specific provision to the contrary, we find that section 3 of the Act of June 11, 1878 (20 Stat. 102), confers upon the commissioners authority—

"to abolish any office, to consolidate two or more offices, reduce the number of employees, remove from office, and make appointments to any office under them authorized by law."

[4] But appellant attempts to overcome the effect of this specific provision by the contention that the superintendent of insurance is an executive officer, and not within the purview of this statute. This contention is without merit. The superintendent of insurance is a subordinate official, appointed by and under the supervision and control of the commissioners of the District, and therefore within the scope of this act. Aside from that consideration, the very act upon which appellant

relies, namely, the retirement statute, refers to "regular annual employees of the municipal government of the District of Columbia." If not a "regular annual employee," appellant was outside the purview of that act.

[5] One other point remains. Appellant says he had a vested right in the insurance fund, of which he could not be deprived, except by due process of law. The case of Pennie v. Reis, 132 U. S. 465, 10 Sup. Ct 149, 33 L. Ed. 426, is determinative of this contention. In that case a statute of California (St. 1877-78, p. 879, § 2) provided for the payment of the police force of San Francisco at a rate "not to exceed $102 a month for each one," and required the retention therefrom of $2 per month, to constitute a police life and health insurance fund. Upon the death of any member of the force, his legal representative was entitled to the sum of $1,000. Later this act was repealed, and another statute enacted (St. 1889, p. 56), creating "a police relief and pension fund," and transferring to it the prior fund, with new and different provisions for the distribution of this new fund. A police officer served while the earlier statute was in force, and died after the repealing act went into effect. Suit was brought by his administrator for $1,000, upon the theory that deceased had a vested interest in the earlier fund. The court found that the fund was created out of public moneys, that it was a public fund, and that the deceased had no vested interest in it. Here, as there, the retirement fund is made up of deductions from salaries, and all doubt as to the intent of Congress is removed by the language of section 9 (Comp. St. Ann. Supp. 1923, § 3287½n) that every employee within the provisions of the act—

"shall be deemed to consent and agree to the deductions from salary, pay, or compensation as provided in section 8 hereof, and payment less such deductions shall be a full and complete discharge and acquittance of all claims and demands whatsoever for all regular services rendered by such employee during the period covered by such payment."

The judgment must be affirmed, with costs.
Affirmed.