JOSEPH T. CARRUTHERS, JR., ADMINISTRATOR OF HERBERT L. BURROUGHS, v. ATLANTIC & YADKIN RAILWAY COMPANY,

and

JOSEPH T. CARRUTHERS, JR., ADMINISTRATOR OF LUTHER BURROUGHS, v. ATLANTIC & YADKIN RAILWAY COMPANY.

(Filed 30 October, 1940.)

**1. Appeal and Error §§ 6f, 43—**

On this petition to rehear, it appeared that the instruction containing error for which a new trial was ordered was given by the court in response to appellant's written prayer for instructions. *Held:* Appellant having requested the instruction in the lower court is bound thereby, at least to the extent that he may not assert it as error on appeal, and the petition to rehear is allowed.

**2. Appeal and Error § 19—**

The charge of the court is not a part of the record proper but is a part of the *postea* to be settled in the case on appeal.

APPEAL by plaintiff from Clement, J., at 2 October Term, 1939, of GUILFORD. On rehearing. Petition allowed.

Frazier & Frazier and Walser & Wright for plaintiff, appellant.
Hobgood & Ward and Chas. M. Ivey, Jr., for defendant, appellee.

SEAWELL, J. This case was argued and decided at the Spring Term of this Court and is reported ante, 49. A petition to rehear was filed on 1 July, 1940, and briefs both for plaintiff and defendant were subsequently submitted. It stands now for determination upon the rehearing.

The decision of the case upon the former hearing rested principally upon the ground that erroneous instructions were given to the jury respecting plaintiff's evidence that no signals were given by defendant's

locomotive approaching the crossing where plaintiff's intestate received the injury resulting in his death. This was one of the allegations of negligence in the complaint.

There is no reference in the record, other than that contained in the charge of the judge, to the effect that the objectionable instructions to the jury were requested by plaintiff, and in the charge itself the record appears as follows: "Now the plaintiff has instructed me to give you some instructions. Some of them I give you." There follows a page of instructions, to which the plaintiff took exception. There is, however, no record of the actual instructions tendered by the plaintiff, unless it be assumed from this juxtaposition that these were the instructions requested in substantial identity. The defendant contends that this is a necessary interpretation.

Assuming that the instructions to which exception was made by the plaintiff had not been requested by him, they were passed upon independently and found to be erroneous. The court has not changed its mind as to the impropricty of these instructions.

In the argument now submitted to us, the construction which the defendant places upon the judge's charge does not seem to be successfully controverted by the plaintiff, and we must assume that the plaintiff asked for the instruction to which he subsequently made exception, and the court cannot do otherwise than correct the result, whether due to its own inadvertence or to the state of the record. In this connection it should be understood that the judge's charge is not a part of the record proper but is considered as a part of the *postea,* to be settled in the case on appeal. We do not, therefore, consider the extraneous matter brought into the controversy concerning the history of this settlement.

We must accord counsel the right to conduct the case of the client and to present to the court such views of the law bearing upon any subject under discussion as they deem proper. When the court is led into error by a specific prayer for instruction which counsel in good faith have requested, ordinarily the client is bound by the instruction given, to the extent at least that he may not assert it in this Court as error. *Blum v. R. R.,* 187 N. C., 640, 647, 122 S. E., 562; *Bell v. Harrison,* 179 N. C., 190, 198, 102 S. E., 200; *Kelly v. Traction Co.,* 132 N. C., 368, 374, 43 S. E., 923.

On a careful reëxamination of the record, we do not find other exceptions of sufficient merit to interfere with the verdict of the jury and judgment of the court.

The order for a new trial is annulled. For the reasons stated, we find in the judgment of the court below no reversible error.

Petition allowed.