CLARKSON, J., dissenting.
SEAWELL, J., joints in dissent. *Page 280 
As was said on the rehearing of Peele v. Powell, 161 N.C. 50,76 S.E. 698, there is no division in the Court as to the correctness of the propositions of law first announced herein, but upon a fuller consideration of the record, the conclusion is now reached that the judgment of the Superior Court should be upheld.
The plaintiff's land is on Puzzle Creek, a tributary of Second Broad River. It is eight miles above the defendant's milldam. It is not alleged that the waters of the river, or of the creek, were ponded back upon plaintiff's land, thus creating a trespass as in the cases originally cited and relied upon, see Clark v. Guano Co., 144 N.C. 64, 56 S.E. 858, but the allegation is that the defendant's dam has caused the flow of the water in the river above the dam to be impeded and slowed up, and caused sand carried by the river to be deposited in the river bed, which in turn has impeded and slowed up the flow of Puzzle Creek, and caused sand and other debris carried by the creek to be deposited in the creek bed until "it is now impossible to drain plaintiff's land." See Sink v. Lexington,214 N.C. 548, 200 S.E. 4.
With the allegations of negligence eliminated on the hearing and the plaintiff stipulating "this case may be tried upon the theory of permanent damages," it would seem that the validity of the trial should be sustained. The jury, after hearing the evidence and viewing the premises, answered the issue of liability in favor of the defendant.
Our first impression is not confirmed by the above portions of the record and a further critical re-examination of the transcript. Fortunately the rule permits a correction of the inadvertence without the necessity of another trial in the Superior Court. Rule 44 of the Rules of Practice,213 N.C. 832; Carruthers v. R. R., 218 N.C. 377.
Petition allowed.