LULA JOHNSON, ADMX., ET AL., v. J. BUREN SIDBURY, ADMR.

(Filed 8 May, 1946.)

**Appeal and Error § 6a—When cause is tried upon theory insisted upon by defendant he may not complain of the result.**

In this action for specific performance and for damages for tortuous eviction, plaintiff obtained judgment by default and inquiry. Answer was filed pending decision on appeal reversing judgment setting aside the default judgment. At the execution of the inquiry plaintiff waived the cause on contract. Defendant persisted in trying the matter on the complaint and answer, and offered evidence to sustain his position under the

contract. Under instructions from the court, damages were awarded as for breach of contract. *Held:* Conceding the measure of damages was in excess of the scope of the inquiry, having invited the court to entertain his answer and evidence, defendant is in no position to complain.

BARNHILL, J., concurring.

APPEAL by defendant from *Williams, J.,* at December Term, 1945, of NEW HANOVER.

Civil action for specific performance and damages for tortuous eviction.

Summons was issued 12 June, 1944, and complaint filed simultaneously therewith. It is alleged that on 18 December, 1933, V. Sidbury sold to George Johnson house and lot, known as the Streeter Place, and executed bond for title; that all payments were duly made thereunder and the full purchase price tendered in accordance with the terms of the contract, but no deed was delivered because, in the meantime, V. Sidbury had wrongfully conveyed the property to his son, K. C. Sidbury; that the said K. C. Sidbury, as agent of his father, tortuously and wrongfully evicted the said George Johnson from the premises to his great injury and damage. Wherefore plaintiffs asked for damages and for execution of deed to the land in question.

On 14 July, 1944, no answer having been filed by the defendant, and it "appearing to the court that this is an action in tort for recovery of damages for breach of contract and resultant damages to real property," judgment by default and inquiry was entered, and the inquiry ordered to be executed at the next succeeding term of court.

Motion to set aside this default judgment for excusable neglect was allowed and subsequently reversed on appeal. 225 N. C., 208, 34 S. E. (2d), 67.

On 3 January, 1945, the defendant filed answer and denied the material allegations of the complaint.

Execution of the inquiry came on for hearing at the December Term, 1945, New Hanover Superior Court, and resulted in award of damages to the plaintiff in the amount of $1,725.00.

From judgment thereon, the defendant appeals, assigning errors.

*Rodgers & Rodgers and J. H. Ferguson for plaintiffs, appellees.*
*Clayton C. Holmes and Carr, James & Carr for defendant, appellant.*

STACY, C. J. The execution of the present inquiry seems to have been on the complaint and answer, and plaintiff was allowed to recover the difference between the purchase price of the land as fixed in the bond for title and its reasonable market value at the time of the breach, less

the sum "due and owing upon the contract," plus "such sum as you (jury) find necessary to fully compensate the plaintiff for any injury sustained by him, directly flowing from, and proximately caused by, the wrongful act of the defendant." See *Troitino v. Goodman,* 225 N. C., 406, 35 S. E. (2d), 277; 27 R. C. L., 619 and 631.

If it be conceded that the measure of damages, as thus stated, was in excess of the scope of the inquiry as fixed by the default judgment, *DeHoff v. Black,* 206 N. C., 687, 175 S. E., 179, it is not perceived wherein the defendant can complain, if the judgment is to be considered a final disposition of the whole matter. The case was tried on the pleadings, and largely upon the defendant's evidence. Having thus invited the court to entertain his answer and evidence in support thereof, the defendant is hardly in position to quarrel with the result. *Buie v. Buie,* 24 N. C., 87. The theory and scope of the inquiry was advanced by the defendant, and the jury apparently accepted his figures in arriving at the amount of damages.

It is true the plaintiff stated on the hearing that he would waive his cause of action on contract and proceed in tort (52 Am. Jur., 380, sec. 27)—consistent with the execution of the inquiry under the default judgment—but the defendant thereafter persisted in trying the matter on the complaint and answer and offered evidence to sustain his position under the contract. If this were error, it seems to have been invited by the defendant. *Carruthers v. R. R.,* 218 N. C., 377, 11 S. E. (2d), 157; *Kelly v. Traction Co.,* 132 N. C., 368, 43 S. E., 923.

On the record, as presented, we are disposed to uphold the judgment.

No error.

BARNHILL, J., concurring: The cause was submitted to the jury on the issue of damages only. When plaintiffs rested defendants offered evidence in rebuttal. This testimony is to the effect that the reasonable market value of the property was $2,500 and that there is due on the contract "$600 or $700." The jury accepted their theory of the case and their testimony as to the facts and returned verdict for $1,725.

It follows that the errors committed in the admission of testimony and in the charge of the court failed to harm defendants or to prejudice their defense. Since the verdict does not exceed the amount they have shown to be due they have no just cause for complaint.