J. F. DILLON, W. L. GRAHAM. P. L. RHODES. S. H. HONEYCUTT. C. D. WERNER. C. J. BALDWIN, G. H. SIKES. C. C. THOMAS. TRUSTEES OF CHARLOTTE FIREMEN'S RETIREMENT FUND ASSOCIATION. v. J. H. WENTZ, MRS. A. E. MOODY. MRS. PANSY F. CASHION. GUARDIAN OF PRUETT L. BLACK. JR.. J. M. MUNDAY. J. C. PALMER. AND W. H. PALMER, DEFENDANTS ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF THE MEMBERSHIP OF THE CHARLOTTE FIREMEN'S RETIREMENT FUND ASSOCIATION, AND ALL. CLASSES OF CLAIMANTS AGAINST SAID ASSOCIATION.

(Filed 31 January, 1947.)

**1. Municipal Corporations § 11½ : Mutual Benefit Associations § 1—**

An organization of municipal firemen operated under private laws of the Legislature (ch. 12, Private Laws of 1933; ch. 307, Private Laws of 1941) which is under the exclusive control of the active members thereof and the trustees elected by them, and which requires a two-thirds vote of the active members to authorize the municipality to make deductions from salaries of the firemen for the benefit of the association, is an unincorporated mutual benefit association.

**2. Municipal Corporations § 11½ : Mutual Benefit Associations § 4—**

Where firemen of a municipality are required to be members of an unincorporated mutual benefit association whose funds are raised entirely by contributions from its members without municipal participation therein, *held* upon abandonment of the purposes of the association by common consent, the members of the municipal fire department are not legally bound to continue making contributions to the association.

**3. Mutual Benefit Associations § 6—**

An unincorporated mutual benefit association of firemen of a municipality operating under private laws to provide retirement benefits to its members may be discontinued and its assets liquidated under an amendment or repeal of the private laws upon abandonment of its purposes by common consent. Ch. 423, Session Laws of 1945.

**4. Mutual Benefit Associations § 5—**

A member of a mutual benefit association has a mere expectancy and no vested right in its assets until a claim for benefits under the provisions of the association has matured.

**5. Same—**

Where the retirement fund of an unincorporated mutual benefit association is created wholly or in part from contributions by its members, an accrued annuity or benefit, unlike a pension, constitutes a vested interest in the assets of the association.

**6. Mutual Benefit Associations § 6—**

Upon the dissolution of an unincorporated mutual benefit association of firemen of a municipality, those members or their dependents who have accrued annuities or benefits, either under the provisions of the original organization or under an amendment authorizing benefits for non-service

connected disabilities or for refund of a part of their contributions upon dismissal or resignation from the fire department (ch. 307, Private Laws of 1941) have a vested right, and their claims must be satisfied in full before distribution of the remainder of the assets to the active members. Transfer of membership to the State Retirement System cannot extinguish such vested rights.

**7. Same—**

Upon the dissolution of an unincorporated mutual benefit association, accrued claims may be satisfied by computing the present cash value of an annuity under provisions of the mortuary tables, and it is not necessary that the total assets of the association be held in trust for the payment of such claims.

**8. Appeal and Error § 6a—**

Where judgment is entered in accordance with prayer of a party, notwithstanding that his prayer for relief be in the alternative, such party is not entitled to challenge the correctness of the provisions of the judgment inserted at his request or in conformity with his prayer.

APPEAL by defendants J. H. Wentz and Lawrence B. Yandle, by and through his guardian J. M. Yandle, from *Olive, Special Judge,* at May Term, 1946, of MECKLENBURG.

This is an action instituted by the trustees of the Charlotte Firemen's Retirement Fund Association, for the dissolution of the Association and the distribution of its assets in the approximate sum of $60,000.00.

It was agreed by all parties that the court should hear this cause without a jury.

The pertinent facts upon which judgment was entered below, are as follows:

On 7 March, 1932, certain members of the Fire Department of the City of Charlotte, N. C., entered into a written agreement, under the terms of which they were to make contributions from their salaries to a fund for the purpose of providing benefits upon retirement and for disability. However, no benefits were granted under the provisions of the agreement.

The Association obtained the passage of an Act which is Chapter 12 of the Private Laws of 1933, entitled: "An Act to Establish for the City of Charlotte, the Charlotte Firemen's Retirement Fund Association." The fund created under the voluntary agreement was administered under the provisions of the Act. The Act provided for the payment of certain benefits to members of the Association, upon retirement after twenty years' service; provided the member had reached the age of fifty-five years. It also provided for the payment of benefits to members of the Association who might be retired on account of injury or disease incurred in line of duty irrespective of length of service. The Act further provided for the payment of benefits to the widow and

minor children under sixteen years of age, of a deceased member of the Association.

Under the terms of this Act, in the event a member of the Association resigned or was dismissed from the Charlotte Fire Department, he forfeited all his rights or interest in and to the fund.

The above Act was amended by Chapter 307, Private Laws of 1941, so as to require a refund of seventy-five per cent of all moneys a member had paid into the Association in the event of dismissal or resignation from the Charlotte Fire Department. This Act also provided for the payment of certain benefits to members for disability incurred not in line of duty as a fireman of the City of Charlotte.

The City of Charlotte made no financial contribution to the Association. Both Acts authorized the Treasurer of the City of Charlotte to make a monthly deduction from the salary of each member due him by the City of Charlotte, not to exceed five per cent of his monthly salary, said deduction not to exceed $10.00, and to turn the proceeds over to the Treasurer of the Board of Trustees of the Association. The per .centum of monthly deductions from the salary of each member of the Association had to be determined by a two-thirds vote of the active membership of the Association. All regular members of the Fire Department of the City of Charlotte were required to be members of the Charlotte Firemen's Retirement Fund Association.

The income of the Association for the years 1944 and 1945 was not sufficient to pay the benefits due and payable by it during those years.

Chapter 423 of the 1945 Session Laws of North Carolina, provided for the discontinuance of the Association in the event the City of Charlotte elected to have its employees become eligible for membership in the North Carolina Local Governmental Employees' Retirement System. This Act also authorized the institution of an action in the Superior Court of Mecklenburg County, to determine whether the Association should be dissolved, and, if so, how its assets should be distributed.

In November, 1945, seventy-nine out of the ninety-nine members on active duty with the Charlotte Fire Department voted to make no further contributions to the Association, and so notified the Treasurer of the City of Charlotte. All deductions for the benefit of the Association were discontinued as of 15 December, 1945.

The City of Charlotte entered the North Carolina Local Governmental Employees' Retirement System 1 February, 1946.

J. H. Wentz, one of the appellants herein, and four others were receiving benefit payments on 15 December, 1945, pursuant to the provisions of the 1933 Act.

Lawrence B. Yandle, the other appellant herein, and two others, were receiving benefit payments on the above date pursuant to the provisions of the 1941 Act. Yandle's disability was not incurred in line of duty.

No other person had any matured claim against the Association at the time of the hearing below.

At the close of the evidence the appellants tendered the following prayer for judgment: "The defendants, J. H. Wentz and J. M. Yandle, guardian for Lawrence B. Yandle, in apt time request the Court to adjudge that all of the assets held by the plaintiffs as trustees of the Charlotte Firemen's Retirement Fund Association, be held as a trust fund for payment of benefits to J. H. Wentz in the amount of $100 per month, and to J. M. Yandle, guardian of Lawrence B. Yandle, in the amount of $40 per month so long as they shall be entitled thereto, and that none of said assets be paid out by said trustees for any purpose whatever except for the payment of said benefits to said J. H. Wentz and J. M. Yandle, guardian of Lawrence B. Yandle, and to others who are entitled to draw monthly benefits from said fund, and for payment of expenses from said funds authorized by law, and that the Court enjoin said trustees from paying any of said funds to any members of the Fire Department who in past years contributed to said fund but voluntarily stopped contributions thereto in violation of the law creating the fund, and who are still members of the Fire Department and therefore under the provisions of the law not being entitled to any refund; and defendants, J. H. Wentz and J. M. Yandle, guardian for Lawrence B. Yandle, further pray the Court to adjudge, if the Court does not hold as above prayed, that the present cash value of an income of $100 per month for J. H. Wentz and the present cash value of a monthly income of $40 to Lawrence B. Yandle, be determined under the mortuary tables of the State of North Carolina according to their ages on the date of judgment in this cause and that the present cash value so determined be paid to them in full out of the assets in the hands of said trustees before any distribution of any part thereof is made to any persons other than those who are at present entitled to draw monthly benefits from the fund and who are similarly entitled to their respective present cash value."

Prayer refused by the court, except as embodied in the judgment of the court.

Based upon the foregoing facts, the court found as a matter of law "that the Association has been rendered insolvent or in imminent danger thereof, that it has abandoned the objects and purposes for which it was organized, that there is no practical method by which its existence could be continued without injury to its members, and that its right to continued existence has been forfeited, and that the dissolution thereof, the liquidation of its assets and the distribution of its funds in the manner hereinafter set forth is equitable, fair and just to all parties to this action."

Whereupon his Honor signed judgment dissolving the Association and directing, among other things, that all the benefits payable monthly for

life to retired members of the Association, under the provisions of the 1933 Act shall be paid in full, the present cash value of such monthly income as may be determined under the mortuary tables of the State of North Carolina according to their ages on 15 December, 1945; and further directing that those receiving similar benefits pursuant to the provisions of the 1941 Act, shall have the present cash value of their respective benefits determined in like manner, but that the claims of such beneficiaries shall be paid *pro rata* with the claims of the active members of the Association, as of 18 March, 1946. The respective claims of the active members of the Association were ordered to be ascertained on the basis of seventy-five per cent of the total sum each member has paid into the Association.

The defendants J. H. Wentz and J. M. Yandle, guardian for Lawrence B. Yandle, in apt time, filed exceptions to the findings of fact and conclusions of law as set forth in the judgment, and appealed to the Supreme Court, assigning error.

*Brock Barkley for W. H. Palmer and other active members of Charlotte Fire Department and Charlotte Firemen's Retirement Fund Association.*

*Goebel Porter, Frank H. Kennedy, and Nathaniel G. Sims for J. H. Wentz and J. M. Yandle, Guardian for Lawrence B. Yandle.*

DENNY, J. The City of Charlotte having elected to have its employees become eligible for participation in the North Carolina Local Governmental Employees' Retirement System, and its active firemen having joined said System, the question presented on this appeal is: Shall the Charlotte Firemen's Retirement Fund Association be dissolved and its assets liquidated, and, if so, how shall the assets of the Association be distributed?

A careful consideration of the Acts under which this Association operated leads us to the conclusion that its status was that of an unincorporated mutual benefit association. And when the operations of such an association have been discontinued and its purposes abandoned by common consent, "a court of equity will decree its dissolution and distribute such assets as remain, after the payment of its indebtedness, among its members according to the amount contributed or paid by each." 38 Am. Jur., 589. The Association at all times was under the exclusive control of the active members thereof and the trustees elected by them. The City of Charlotte had no authority to make any deductions from the salaries of its firemen for the benefit of the Association, until the firemen themselves by a two-thirds vote of the active members thereof, fixed the amount to be deducted from their respective salaries. The City of Charlotte at no time had any interest in or control of the funds of the

Association. Therefore, the contention of the appellants that the members of the Fire Department of the City of Charlotte are legally bound to continue making contributions to the Association for the benefit of the appellants and other beneficiaries of the Association, is without merit. It is the general rule that laws creating benefits of this character may be amended or repealed, and that mutual benefit associations may be discontinued and their assets liquidated. And until a member of such an Association has a matured claim within the terms of the Act creating the fund, he has no vested right therein. His interest in the fund is a mere expectancy. *Pennie v. Reis,* 132 U. S., 464, 33 L. Ed., 426; *Passaic Nat. Bank & Trust Co. v. Eelman,* 116 N. J., 279, 183 Atl., 677; *Retirement Board of Alleghany County v. McGovern,* 316 Penn., 161, 174 A., 400; *Griffith v. Rudolph,* 298 Fed., 672.

The question as to whether or not the assets of this Association could be transferred to and administered by the North Carolina Local Governmental Employees' Retirement System, under the provisions of G. S., 128-25, is not raised or presented on this appeal. Hence, we think on the record before us, the court very properly ordered the dissolution of the Association.

If the appellants were mere pensioners and their pensions were being paid by the City of Charlotte out of tax funds, they would have no vested interest which could be enforced as to future payments. 40 Am. Jur., 981. "No person has a vested right to his pension. Pensions are the bounties of the government, which Congress has the right to give, withhold, distribute, or recall, at its discretion." *Walton v. Cotton,* 60 U. S., 19, 15 L. Ed., 658; *U. S. v. Teller,* 107 U. S., 64, 27 L. Ed., 352; *Frisbie v. U. S.,* 157 U. S., 160, 39 L. Ed., 657; 54 A. L. R., 943n. Pensions are charitable gifts. *In re Smith,* 130 N. C., 638, 41 S. E., 802; *People ex rel. Donovan v. Retirement Board Policemen's Annuity & Benefit Fund,* 326 Ill., 579, 158 N. E., 220, 54 A. L. R., 940; *Re Snyder,* 93 Wash., 59, 160 Pac., 12, affirmed in 248 U. S., 539, 63 L. Ed., 410. But a different situation arises where the annuity or benefit has accrued and is payable out of a retirement fund created wholly or in part from contributions made by the members of the retirement system. *Stevens v. Minneapolis Fire Department Relief Asso.,* 124 Minn., 381, 145 Minn., 35; *Trotzier v. McElroy,* 182 Ga., 719, 186 S. E., 817; *Retirement Board of Alleghany County v. McGovern, supra.*

The appellants and other beneficiaries whose claims had accrued and who were receiving life benefits from the Association at the time the order for its dissolution was signed, have a vested interest in the accumulated assets of the Association. Such claimants, whether receiving benefits under the 1933 or 1941 Act, are entitled to have their claims satisfied in full before the active members of the Association are entitled to receive anything. For so long as this Association was functioning, its

active members had no vested interest in its assets. Under the terms of the 1941 Act, it was necessary for a member to resign or be dismissed, not as a member of the Association, but as a member of the Fire Department of the City of Charlotte, in order for him to be entitled to a refund of seventy-five per cent of all moneys he had paid into the Association. The transfer of his membership from this Association to the State Retirement System is not tantamount to a resignation or dismissal from the Fire Department of the City of Charlotte. Consequently, the judgment of the court below is erroneous in so far as it holds that the claims of the beneficiaries under the 1941 Act and the claims of the active members for a refund of seventy-five per cent of the total contributions made by them to the Association, are on a parity and should be paid *pro rata*.

The active firemen of the City of Charlotte, who were members of this Association on 18 March, 1946, regardless of their present status of employment, are entitled to receive *pro rata* on the total of their respective contributions to the Association, all the remaining assets of the Association after the matured claims referred to above have been satisfied in accordance with the judgment of the court below as modified herein.

Finally, the appellants insist that the assets of this Association should not be liquidated but held intact by its trustees as a trust fund, for the payment of the monthly benefits of those whose claims have vested or matured prior to the institution of this action. In this we do not concur.

Moreover, the appellants are not in a position to object to that portion of the judgment below which provides for the payment of their claims on the basis of their cash value as of 15 December, 1945, as may be determined under the mortuary tables of the State of North Carolina, according to the age of the respective claimants on the above date. The judgment in that respect is in conformity with their prayer, and they are bound thereby. *Johnson v. Sidbury,* 226 N. C., 345, 38 S. E. (2d), 82; *Carruthers v. R. R.,* 218 N. C., 377, 11 S. E. (2d), 157. "A party cannot complain of an instruction given at his own request." *Bell v. Harrison,* 179 N. C., 190, 102 S. E., 200. Neither should he be permitted to challenge the correctness of provisions contained in a judgment which were inserted at his request or in conformity with his prayer. Ordinarily an appeal will not lie from an order entered at the request of a party, and "it is immaterial that such request was in the alternative," *Larson v. Hanson,* 210 Wis., 705, 242 N. W., 184. *Boyer et al. v. Burton,* 79 Ore., 662, 149 Pac., 83; *Silcox v. McLean,* 36 N. M., 196, 11 Pac. (2d), 541; *Schoren v. Schoren,* 110 Ore., 272, 222 Pac., 1096; *Blumenfeld & Co. v. Hamrick,* 18 Ala. App., 317, 91 Sou., 914; *In re Gurnsey's Estate,* 61 Cal., 178, 214 Pac., 487; *State v. Howell,* 139 La., 336, 71 Sou., 529.

The judgment of the court below, except as modified herein, is affirmed. Modified and affirmed.