## WHAM v. UNITED STATES.
### Civil Action No. 1655—47.

United States District Court
District of Columbia.

Sept. 27, 1948.

N. Meyer Baker, of Washington, D. C., for plaintiff.

George Morris Fay, U. S. Atty. and John P. Burke, Asst. U. S. Atty., both of Washington, D. C., for defendant.

SCHWEINHAUT, District Judge.

Plaintiff is a member of the Metropolitan Police. While driving a motorcycle on official business he was in collision with a truck driven by an employee of the Treasury Department, also on official business at the time. Plaintiff was injured and sues the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq.[1]

It is stipulated that the expenses of hospitalization and medical treatment, including x-rays, were paid from the Police and Firemen's Fund. Chap. 5, Tit. 4, D.C. Code 1940. He was treated for his injuries by the Board of Police and Fire Surgeons as provided in Sec. 4—503, D.C. Code 1940. He returned to duty after three months convalescence, during which period he received his full salary as a member of the Metropolitan Police, and he lost no earnings during that period. He is still a member of the police force and is eligible to all disability, retirement and pension benefits available to the personnel of the police department by virtue of the statute above mentioned.

When the United States consents to be sued in tort, as it has by the Tort Claims Act, those members of a class for which a comprehensive system of compensation has otherwise been provided may not seek benefits under the Act. Dobson v. United States, 2 Cir., 27 F.2d 807, certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563; Bradey v. United States, 2 Cir., 151 F.2d 742; Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696. And see opinion of Chesnut, D. J., in Jefferson v. United States, D.C.Md., 77 F.Supp. 706.

The plaintiff, as a member of the Metropolitan Police, is not an employee of the United States but is an employee of the municipal corporation, the District of Columbia. Griffith v. Rudolph, 54 App. D.C. 350, at page 352, 298 F. 672. But the United States has established by statute the Police and Firemen's Relief Fund, Sec. 4—501 et seq., D.C.Code 1940 and supports it to the extent of 40 per centum of its cost. Sec. 4—516. Whether plaintiff had an election to accept the benefits of the Relief Fund or to proceed under the Tort Claims Act is not before me and, consequently, no opinion is expressed. The fact is, however, that he was provided for pursuant to the relief statute and he is

[1] In 1948 Revision, see 28 U.S.C.A. § 2671 et seq.

entitled to such future benefits as his rights may appear.

In my opinion, the Federal Tort Claims Act is not applicable in the circumstances and the motion for summary judgment is granted. An appropriate order will be signed.