RE-EMPLOYMENT OF RETIRED PUBLIC OFFICIAL — RETIREMENT PLAN The effect of provisions of Section 74 O.S. 914 [74-914](4) of Title 74 Oklahoma Statutes, as amended, upon re-entry into public employment on a retirement pension previously granted to a public officer or employee is not unconstitutional as violative of either the United States Constitution or the Constitution of the State of Oklahoma. Where the statute under which the pension is granted provides for forfeiture or suspension of a retirement pension granted to a public officer or employee in case he should be re-elected, appointed or otherwise accept employment by the State or one of its political subdivisions, such statute will effectively forfeit or suspend the payment of the pension in case the contingency happens. The Attorney General has had under consideration your request for an opinion wherein you ask, in effect, the following question: Are the requirements and specifications of 74 O.S. 14 [74-14](4), as amended, constitutional as applied to a retired public official who re-enters public employment? Section 74 O.S. 914 [74-914](4) of Title 74 Oklahoma Statutes, as amended by House Bill 1337, passed by the 1973 Legislature, provides as follows: "If a retirant should be elected or appointed to any position or office for which compensation for service is paid from levies or taxes imposed by the State of Oklahoma or any political subdivision thereof, he shall not receive any retirement benefit for any month for which he serves in such position or office after he has received compensation in an amount in excess of One Thousand Two Hundred Dollars ($1,200.00) in any calendar year; provided, this subsection shall not apply to service rendered by a retirant as a juror, as a witness in any legal proceeding or action, as an election board judge or clerk, or any other office or position of a similar nature, or as an officer, employee or appointee of the Legislature. Provided, further, that any participating employer who is employing such a retirant shall make proper written notification to the Oklahoma Public Employees Retirement System informing it of the beginning date of such retirant's employment and the date such retirant reaches the maximum compensation of One Thousand Two Hundred Dollars ($1,200.00) in the calendar year; and provided, also that any retirant returning to work for a participating employer shall make contributions to the Oklahoma Public Employees Retirement System and the employer shall do likewise. This additional service shall not be credited toward any future retirement benefits of the retirant." The traditional rule has been that a pension granted by public authority is not a contractual obligation, but a gratuitous allowance in the continuance of which the pensioner has no vested rights. The idea, however, that a pension has the attributes of a contract and is therefore entitled to constitutional protection has gained favor in a growing number of jurisdictions. The predominant view currently appears to be that, in general, the right to receive pension payments which may have actually accrued and are due and owing is vested, regardless of whether the pension is considered a gratuity or a form of deferred compensation, but not a vested right with respect to amounts payable in the future when the pension is considered a mere bounty or gratuity. 60 Am.Jur.2d, Pensions and Retirement Funds, 46 et seq. It has often been held that government retirement benefits are not made a matter of right, or any less a gratuity, by virtue of the fact that the payments are financed by payroll deduction, the rationale being that the sums "deducted" are never in fact paid or made subject to the disposition of the employees, but are retained by the government as general public funds in which the employees can have no right. Pennie v. Reis, 132 U.S. 464,10 S.Ct. 149, 33 L.Ed. 426; Griffith v. Rudolph, 54 App. D.C. 350,298 F. 672; MacLeod v. Fernandez, 101 F.2d 20, cert. den., in Toste v. MacLeod, 308 U.S. 561, 60 S.Ct. 72,84 L.Ed. 471; Dodge v. Board of Education, 302 U.S. 74,58 S.Ct. 98, 82 L.Ed. 57. The United States Supreme Court described the effect of a statutory policy in Dodge v. Board of Education, supra, in the following manner: "The presumption is that such a law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the Legislature shall ordain otherwise. He who asserts the creation of a contract with the state in such a case has the burden of overcoming these presumptions." The United States Supreme Court held in Dodge that an act, establishing a benefit system does not create contractual vested rights in those who stand to benefit thereunder and that the State is free to alter, amend, and repeal such law even though the affect of such action might be to deprive the pensioner, for the future, of benefits then enjoyed. The Supreme Court of the State of Oklahoma used similar language to that in Dodge in the case of City of Duncan v. Bingham, 394 P.2d 456, 460
(1964), wherein it defined a pension as follows: "A pension is a gratuity granted by statute, subject to such limitations as may be imposed with respect thereto, . . ." The United States Supreme Court stated in Pennie v. Reis, supra, that in order to constitute a violation of provisions of the Constitution against depriving any person of his property without due process of law, it should appear that such person has a property in the particular thing of which he is alleged to have been deprived. The Supreme Court held that mandatory contributions to a fund created no property rights in an individual when the contribution was "money from the State", never having been either received or controlled by the individual. In support of this decision, the Court stated that the individual, never having been in a position to prevent the appropriation to the fund in question has no such power of disposition over it as always accompanies ownership of property. Further that the individual's interest in the fund, therefore, until the happening of one of the events stated in the statute whereby he would begin receiving monthly compensation from the fund, was a mere expectancy, created by law and subject to change or revocation at any time, at the will of the Legislature. In MacLeod v. Fernandez, supra, the Circuit Court of Appeals, First Circuit, held that legislation which effectively reduces a pensioner's pension is not unconstitutional as depriving the pensioner of property without due process of law or as denying him equal protection under the law, stating that the fact that a pensioner had made compulsory contributions to a retirement fund did not give him a vested right in the pension. A careful reading of 74 O.S. 914 [74-914](4) (1971), as amended, reveals the clear intent of the Legislature (a) to suspend monthly retirement benefits after a retirant has been elected or appointed to any position for which compensation for service is paid from taxes or levies imposed by the State or any political subdivision thereof after said retirant has received compensation in an amount in excess of One Thousand Two Hundred Dollars ($1,200.00) in any calendar year; (b) that a retirant who returns to work for a participating employer, as well as the employer, shall make contributions to the Oklahoma Public Employees Retirement System; and (c) that the additional service shall not be credited toward any future retirement benefits of the retirant. The Supreme Court for the State of Florida has held that a provision in a pension or retirement act for the forfeiture of benefits of a retired officer or employee who subsequently re-enters the employment of the State or any political subdivision thereof is not invalid as being a forfeiture of vested rights. In so holding, the Florida court stated: "The retirement act provides in terms that when a county officer or employee retires and accepts the provisions of the retirement act, such benefits shall be forfeited if he later enters the employment of the State or any political subdivision thereof. The officer or employee accepts employment by the county with knowledge of this provision, he contracts with the State with knowledge of it and is bound by it as he would be by any other contracts he undertakes . . ." State ex rel. Watson v. Lee, 157 Fla. 62, 24 So.2d 798 (1946). The Supreme Court for the State of New Jersey recently held constitutional a state statute conditioning a pensioner's right of public employment in New Jersey upon their giving up, for the period of such employment, pensions obtained pursuant to prior public employment. The New Jersey court held that where the statute under which a pension is granted provides for forfeiture or suspension of a retirement pension granted to a public officer or employee in case he should accept subsequent public employment, such statute will effectively forfeit or suspend payment of the pension in case the contingency happens. Bortel v. Board of Education, 240 A.2d 678 (1968). The basic principle which underlies the entire field of legal concepts pertaining to the validity of legislation is that by enactment of legislation a constitutional measure is presumed to be created. 16 Am.Jur.2d, Const. Law, 137. It has been stated to be a cardinal rule of construction that, when reasonably possible or practicable, a statute must be so construed as to uphold its constitutionality or validity, and not so construed as to endanger its validity, either in whole or in part. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The effect of provisions of Section 74 O.S. 914 [74-914](4) of Title 74 Oklahoma Statutes, as amended, upon reentry into public employment on a retirement pension previously granted to a public officer or employee is not unconstitutional as violative of either the United States Constitution or the Constitution of the State of Oklahoma. Where the statute under which the pension is granted provides for forfeiture or suspension of a retirement pension granted to a public officer or employee in case he should be re-elected, appointed or otherwise accept employment by the State or one of its political subdivisions, such statute will effectively forfeit or suspend the payment of the pension in case the contingency happens. (William Don Kiser)