THE PEOPLE *ex rel.* Margaret Donovan, Appellee, *vs.* THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND *et al.* Appellants.

*Opinion filed June 22, 1927—Rehearing denied October 11, 1927.*

1. POLICE PENSIONS—*act of 1925 for review of pension award is not invalid.* The act of 1925 amending section 6 of the Policemen's Annuity and Benefit Fund act so as to give the board power to review, and, if necessary, reduce, increase or set aside, any pension awarded, is not invalid as depriving the beneficiary of property without due process of law, as there is no vested right in a pension accruing in the future from month to month, but a pension may be given or withdrawn at the pleasure of the State, and there is no contract on its part to continue the payment of a benefit or annuity.

2. SAME—*when injury to policeman occurs in performance of duty within meaning of Pension act.* Any injury occurring in the course of and arising out of the work of a policeman is an injury "incurred in the performance of any act or acts of duty" within the meaning of section 33 of the Policemen's Annuity and Benefit Fund act; and the widow of a policeman who was killed by being struck by an automobile while crossing a street to mail a letter at the direction of his superior officer is entitled to a pension within the meaning of the act even though the deceased at the time was not regularly engaged in police duties but was a musician and a member of the department band.

APPEAL from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (GEORGE F. MULLIGAN, of counsel,) for appellants.

MILLARD C. EISEMAN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the superior court of Cook county awarding a writ of *mandamus* directing the Retirement Board of the Policemen's Annuity and Benefit Fund of the city of Chicago to restore Margaret Donovan to the pension roll and to pay her compensation at the rate of $125 a month, as provided in such cases by the Policemen's Annuity and Benefit Fund act approved June 29, 1921.

Margaret Donovan is the widow of Daniel Donovan, who during his lifetime was a member of the police department of the city of Chicago and a member of the department band and octette. Donovan frequently procured music for these musical organizations upon the order of the drillmaster of the Chicago police department, Major John Bauder. April 18, 1924, Bauder directed Donovan to procure a copy of "Love Sends a Little Gift of Roses." Donovan was unable to get the copy in the proper key in Chicago so he dictated to a stenographer in the police department a letter directed to the publishers in New York asking them to send the music desired to him, in care of the drillmaster of the police department. Bauder had left his office when Donovan dictated the letter, so the latter called Bauder by telephone and explained that he could not get the music in Chicago and asked whether he should order it from the publishers. Bauder told him to mail the letter. As Donovan walked across the street to deposit the letter in a mail-box he was struck by an automobile and suffered injuries from which he died. He had the letter in his hand when struck and it was afterwards found lying on the street near his body. The letter was written on stationery of the superintendent of police and was in an envelope bearing the return card of the department of police.

Donovan's widow was awarded the ordinary annuity of $12.50 a month and compensation annuity of $112.50 a month. April 15, 1926, there was a hearing before the board on the question of whether the award of compensation annuity was properly allowed, and at the conclusion of the hearing the board revoked its former order on the ground that Donovan was not injured in the performance of an act of police duty, and thereafter the widow was paid only the ordinary annuity of $12.50 a month. Thereupon she filed her petition in the superior court of Cook county for a writ of *mandamus* directing the board to continue to pay her the compensation annuity.

The grant of compensation annuity is controlled by section 33 of the Policemen's Annuity and Benefit Fund act, which provides: "In any case in which annuity provided in accordance with the provisions of foregoing sections of this act for the widow of any policeman whose death shall result from injury incurred in the performance of any act or acts of duty shall not be equal in amount to seventy-five (75) per cent of the salary of such policeman as such salary shall be at the time of the injury of such policeman, 'compensation annuity' equal in amount to the difference between the amount of annuity provided for such widow in accordance with the provisions of foregoing sections of this act and an amount equal to seventy-five (75) per cent of the salary, as aforesaid, of such policeman shall be provided for and paid to such widow until the time when such policeman, if alive, would have attained an age of fifty-seven (57) years." (Cahill's Stat. 1925, p. 478.) At the time of his death Donovan's salary was $2000, and if alive now he would be under the age of fifty-seven years.

In 1925 paragraph (*g*) of section 6 of the act was amended so as to give the board power to "inquire into the validity and legality of any grant of annuity, pension, or benefit paid from or payable out of the annuity and benefit fund herein provided for, whether such annuity, pension,

or benefit shall have been or shall hereafter be granted in accordance with this act or in accordance with any other act or acts relating to police·pensions in force and effect in such city prior to the date upon which this act shall have come in force and effect therein; increase, reduce, or suspend any annuity, pension, or benefit to be paid from the annuity and benefit fund herein provided for whenever such annuity, pension, or benefit or any part thereof was secured or granted, or the amount thereof fixed, as the result of misrepresentation, fraud, or error." Appellee contends that this section, in so far as its affects awards made prior to July 2, 1925, contravenes section 1 of the fourteenth amendment to the constitution of the United States and section 2 of article 2 of the constitution of this State. This contention cannot be sustained. As against the State or its political subdivisions there is no vested right in a pension accruing in the future from month to month. (*Beutel* v. *Foreman,* 288 Ill. 106; *Gibbs* v. *Minneapolis Fire Department Relief Ass'n,* 125 Minn. 174, 145 N. W. 1075.) A pension is a bounty springing from the appreciation and graciousness of the sovereign and may be given or withheld at its pleasure. (*Eddy* v. *Morgan,* 216 Ill. 437.) There is no contract on the part of the State to continue the payment of a benefit or annuity, and a change in the law affecting such benefit or annuity does not impair the obligation of a contract or deprive a person of property without due process of law within the meaning of the constitutional provisions invoked. *Pennie* v. *Reis,* 132 U. S. 464, 10 Sup. Ct. 149; *Pecoy* v. *City of Chicago,* 265 Ill. 78.

There is no controversy on the facts, so the only question presented by appellants is whether the death of Daniel Donovan resulted "from injury incurred in the performance of any act or acts of duty," within the meaning of section 33 hereinbefore quoted. Appellants argue that the "act of duty" must be an act in the performance of a hazardous duty peculiar to police service, and not an act like the mail-

ing of a letter or crossing a street for the purpose of mailing a letter, which might be required of any employee in the public service. Section 45 of the Policemen's Annuity and Benefit Fund act provides a certain benefit for policemen in the service who shall become disabled "as the result of injury incurred in the performance of any act or acts of duty," and section 46 a benefit where the disability results from a "cause other than injury incurred in the performance of an act or acts of duty." The legislature does not qualify the word "duty," and there is nothing in the act to indicate that it intended that it should apply only to duties peculiar alone to policemen. We are of the opinion that any injury occurring in the course of and arising out of the work of a policeman is an injury "incurred in the performance of any act or acts of duty." When Donovan was killed he was performing a task assigned to him by his superior officer, and that task was in connection with his duties as a member of the band and octette of the police department. While singing and playing musical instruments are not duties peculiar to a policeman, there is nothing inconsistent with this work and ordinary police duties. Such musical activities are common in the police departments in large cities, in the army, in the navy, and in many large industrial organizations. An officer assigned to this work in the department by his superior officer is performing his duty as a member of the department as much as when he is assigned to walking a beat or serving a writ. Appellee is clearly entitled to the compensation annuity and the writ was properly awarded.

The judgment of the superior court is affirmed.

*Judgment affirmed.*