# CHARLESTON.

Amos Densmore *et als.* *v.* County Court of Mercer County

(No. 6323)

Submitted October 23, 1928. Decided November 13, 1928.

J. H. *Gadd,* for relator.
A. J. *Lubliner,* for respondent.

HATCHER, JUDGE:

The petitioner is the widowed mother of two children under the age of fourteen years. She applied to the county court of Mercer county for a mother's pension under the provision of Chapter 46 B, Code, as amended by Acts 1923, Chapter 28. A hearing was had on October 10, 1927, and the court found that all the conditions set forth in the statute "exist in this case" and awarded petitioner $20.00 a month until the further order of the court. One payment was made; but on November 15, 1927, without any notice to her, the allowance was revoked. On January 10, 1928, petitioner appeared before the county court, moved that the award be reinstated,

and upon refusal, asked for a hearing. The court set January 25th for the hearing, but after petitioner had left the court room and without notice to her, entered an order overruling her motion. She asks in this proceeding that the court be required to pay her the award of $20.00 per month from and including December, 1927.

The respondent answers that because of complaints subsequent to the award, it had the county probation officer investigate and report on the petitioner, and upon that report concluded that the petitioner was not a proper person morally to bring up her children; and accordingly caused the pension to be discontinued. Several affidavits are filed with the answer which charge petitioner with grossly improper conduct, to the consideration of which petitioner objects. The affidavits were taken without notice to petitioner, and without afterwards affording her the opportunity for cross-examination. They cannot, therefore, be accepted as proof of her moral obliquity. 2 C. J. 373; 1 R. C. L. p. 766, sec. 9; *Dale* v. *Atwell,* 103 W. Va. 590, 593; *Herold* v. *Craig,* 59 W. Va. 353, 357, and authorities there cited.

It is the established rule that a pension, such as the one here, is a mere gratuity in which the pensioner has no vested legal right, and which is terminable without notice, at the will of the state. 22 A. & E. Ency. Law, p. 658; 21 R. C. L., p. 242, sec. 7; *U. S.* v. *Teller,* 107 U. S. 64, 68; *People* v. *Policemen's Fund,* 326 Ill. 579, 54 A. L. R. 940, and extensive annotation commencing on page 943. The right to so terminate a pension, however, rests with the Legislature, and not with an agent, such as the respondent herein, who administers it—notwithstanding inapt expressions in some decisions indicating the contrary, such as *Re Snyder,* 93 Wash. 59, 3 A. L. R. 1230.

The procedure in this state for obtaining a mother's pension is definitely prescribed by the statute. Section 3 of Chapter 46 B, Code, requires that upon the filing of an application for relief, the home of the mother shall be visited by a member of the court who shall investigate the facts set forth in the application, and shall report to the court thereon together with his approval or disapproval of the application.

After such investigation and report, a petition may be filed by the investigator or "any reputable person of the county" setting forth the facts necessary to give the court jurisdiction, etc., and making the mother and the court respondents thereto. Summons shall then be served on the respondents and the court shall hear the cause upon the return day of the summons, etc. See sections 4-8. Section 9 directs that "upon the hearing in court" if the court finds the facts alleged in the application to be true, it *shall* make an order to pay the mother the amount necessary to care for the children, etc., "until further order of the court". Section 11 prescribes the conditions upon which relief shall be granted— one of which is that the mother must, in the judgment of the court, be a proper person morally to bring up her children.

The hearing contemplated under the statute is obviously a public hearing, where counsel may appear and evidence be introduced. *Ellis* v. *Road Commission*, 100 W. Va. 531, 534. No appeal or review from the finding of the court is provided. The determination in such case is usually final. *Karb* v. *State*, 54 Ohio 383, 393; *Fullheart* v. *Buckles*, 39 Ind. 273; 30 Cyc. 1372, sec. C. The respondent contends, however, that the judgment herein is deprived of finality by the statutory condition "until further order of the court". The contention is well taken. However, the statute surely implies a *further hearing* before the entry of that *further order*. Otherwise the hearing so positively required as a prerequisite to the finding becomes of little consequence. Why have a hearing if the case made then can be later nullified by a "whispering campaign"?

The statute does not prescribe the manner in which an award may be terminated. As the interests of the mother are as much at stake in the revocation as in the allowance of the pension, it would seem that the same consideration should be extended her in each instance. The procedure adopted by the respondent in vacating the allowance is the opposite in every way to that followed in granting it. The award was the result of an open hearing of which the petitioner had notice. The revocation was the result of an *ex parte* inves-

tigation of which she had no notice. The award was the result of the judgment of the court. The revocation was the result of the representations of an investigator who is not endowed with any authority under the Act. The only investigation directed thereby is that of a member of the court. Even his recommendation thereon is not conclusive. It will be considered at the hearing, but is merely advisory. *People* v. *Scannell,* 70 N. Y. S. 1042, 1044; *People* v. *Trustees of Firemen's Pension Fund,* 95 Ill. App. 300, 302. The Act imposes on the court the duty to consider all the legitimate evidence before it at the hearing; and to make its finding according to its own judgment and not upon that of another. Here the court admits that in recalling the allowance, it acted not on its own discretion, but upon the investigation of the probation officer. An anomalous situation indeed when the finding of a regularly authorized tribunal is discarded in favor of the report of one without authority in the premises. We therefore hold that the order of revocation was unwarranted.

In her application for the pension, which was sworn to, the petitioner alleged that she was a fit person morally to bring up her children. She also swore to her moral propriety at the hearing. The court accepted her statement. If she is in fact the character portrayed by the affidavits and reported by the probation officer, she deceived the court and should not be permitted to reap the advantage of her own fraud. 12 R. C. L., p. 395, sec. 144; *Cox* v. *Invest. Co.,* 61 W. Va. 291, 308; *Landeman* v. *Wilson,* 29 W. Va. 702, 720. And while the affidavits and the report of the probation officer are not evidence against her, they afford sufficient reason to arrest a judgment in her favor until due inquiry may be made. We are therefore of opinion to refuse her prayer for an immediate payment of the accrued allowances. We do direct the court, however, to give her a hearing on the charges of unfitness, and if the charges are not sustained by proper evidence, then to pay her the pension as prayed for. The alternative writ will be amended to conform to the peremptory writ. See *State ex rel.* v. *Railway Co.,* 65 W. Va. 15, 27.

*Alternative writ amended; peremptory*
*writ awarded.*