No. 35,628

The State of Kansas, ex rel. Jay S. Parker, Attorney General, *Plaintiff*, v. The Board of Education of the City of Topeka, *Defendant*.

(129 P. 2d 265)

Opinion filed October 3, 1942.

*Braden C. Johnston,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, and *Guy E. Ward,* assistant attorney general, were on the briefs for the plaintiff.

*John H. Hunt,* of Topeka, argued the cause, and *J. L. Hunt, Lester M. Goodell, Margaret McGurnaghan* and *George M. Brewster,* all of Topeka, were on the briefs for the defendant.

The opinion of the court was delivered by

ALLEN, J.: This is an original proceeding in mandamus brought on the relation of the attorney general to determine whether the teachers employed by the defendant board of education of Topeka prior to May 15, 1935, had acquired vested rights under the school retirement fund law enacted in 1911. The question is before us on a motion to quash the alternative writ.

Under the issues presented we are called upon to construe the original teachers' retirement fund law of 1911 (R. S. 1923, 72-1726 to 72-1734, both inclusive) and the law of 1935 covering the same subject (G. S. 1935, 72-1726 to 72-1734, both inclusive). The texts of the two enactments are substantially alike, but differ in certain particulars. The changes made by the 1935 law, here important, are:

1. Under the 1911 act, a maximum of one and one-half percent can be deducted from the salary of each teacher. Under the 1935 act, a maximum of six percent can be so deducted. (R. S. 1923, 72-1726; G. S. 1935, 72-1726.)

2. Under the 1911 act, when a teacher entitled to a pension is retired, the difference between $250 and the amount such teacher has paid in to the retirement fund is deducted from the first year's pension. Under the 1935 law, the difference between $500 and the amount such teacher has paid in to the retirement fund is deducted from the first year's pension. (R. S. 1923, 72-1728; G. S. 1935, 72-1728.)

3. The 1911 law required that a teacher to be eligible for retirement must have had fifteen years of teaching experience in public schools of cities of the first class. The 1935 law requires twenty years of such teaching experience. (R. S. 1923, 72-1728; G. S. 1935, 72-1728.)

4. The 1911 law required that the board of education contribute to said fund out of its general fund as much as was necessary to meet the payments provided for in the act. The 1935 law makes the same requirement as to payments, but in addition thereto permits the levy of a special tax of one mill over and above all statutory limitations for that purpose. (R. S. 1923, 72-1726; G. S. 1935, 72-1726.)

The petition alleged:

"5. The defendant, at the time of the passage of the teachers' retirement

fund law in 1911, and at all times since said date, employed, and at the present time employs, a large number of teachers who teach in the Topeka public schools and Topeka high school. After the passage of the act in 1911, and prior to the enactment of the act in 1935, said defendant by proper action created a teachers' retirement fund and at all times thereafter has maintained such a fund.

"6. At the time of the creation of the teachers' retirement fund under the 1911 act, as hereinbefore alleged, a great majority of the teachers employed by defendant failed to file written requests for exemption from the operation of said law, as provided by R. S. 1923, 72-1733, and automatically became subject to the liabilities of and eligible for the benefits under said act. The great majority of the teachers employed by defendant after said time, and prior to the taking effect of the 1935 teachers' retirement fund law, failed to file written requests for exemption from the operation of said Law of 1911, in accordance with R. S. 1923, 72-1733, and have automatically become subject to the liabilities of and eligible for the benefits under said law.

"7. At the time of the taking effect of said act of 1935, the great majority of the teachers employed by defendant who had become subject to the teachers' retirement fund act of 1911 failed to file written requests with the board of education asking to be exempted from said Law of 1935, as provided by G. S. 1935, 72-1733, and deductions from the salaries of such teachers have been made by the defendant since 1935, in accordance with the provisions of said 1935 act, up to the time of their retirement or until the present time, if said teachers have not retired.

"8. R. S. 1923, 72-1726, provides that not less than one percent nor more than one and one-half percent of every installment of salary paid to a teacher subject to said law should be deducted from every installment of salary paid to every teacher subject to said law. G. S. 1935, 72-1726, provides that not less than one percent nor more than six percent of every installment of salary paid to a teacher subject to said law should be deducted from every installment of salary so paid. Since the taking effect of the 1935 teachers' retirement fund law, and on or about the 6th day of March, 1942, said board of education duly and regularly adopted a resolution whereby it was provided that on and after September 1, 1942, there shall be deducted from every installment of salary paid by said board of education to any teacher employed by it, who has not filed a written request for exemption from the operation of said fund, an amount equal to two percent of such salary installment. A full, true and correct copy of said resolution is attached hereto, marked exhibit 'A,' and made a part hereof. The scope of said resolution is such that it includes teachers employed by the defendant prior to 1935 and who were subject to the liabilities of and eligible for the benefits from the teachers' retirement fund created under the law of 1911. The rights of such teachers became fixed and a contract was entered into between such teachers and the defendant when such teachers failed to request exemption from and became subject to the liabilities of and eligible for benefits from said 1911 law, which said contract cannot be and has not been changed or altered in any respect by the repeal of said 1911 law or the enactment of teachers' retirement fund law of 1935, and

said defendant has no right to deduct an amount in excess of one and one-half percent from each salary installment paid to such teachers.

. . . . . . . . . . . . . .

"10. The rights of teachers employed by defendant prior to 1935, who had become subject to said act of 1911, became fixed and a contract was entered into between such teachers and the defendant when such teachers failed to request exemption from and became subject to the liabilities of and eligible to the benefits from said 1911 act, which said contract cannot be and has not been changed or altered in any respect by the repeal of said law of 1911 or the enactment of the teachers' retirement fund law of 1935."

Appropriate relief was asked.

Petitioner contends that when the teachers employed by the defendant board of education prior to 1935 failed to request exemption from the operation of the law as provided by R. S. 1923, 72-1733, such teachers became subject to the liabilities and eligible for the benefits under law of 1911, and that they acquired a vested interest in the retirement fund which could not be impaired by a subsequent act of the legislature or by the defendant board.

It is generally held that a pension granted by the public authorities is not a contractual obligation, but a gratuitous allowance in the continuance of which the pensioner has no vested right. By the great weight of authority the fact that a pensioner has made compulsory contribution to the fund does not give him a vested right in the pension. (See Annotations 54 A. L. R. 943; 98 A. L. R. 505; 112 A. L. R. 1009; 137 A. L. R. 249.)

In the case at bar we find it unnecessary to determine whether the teachers had acquired a vested interest in the retirement fund. The original retirement law, enacted in 1911, was repealed in 1935. G. S. 1935, 72-1733, provides that any teacher could, within one month after the enactment of the 1935 act, file a written request for exemption from the provisions of the law, and that such request, when duly filed, would constitute a waiver of any benefits from the retirement fund. Thus, failure to file such request would make the teachers eligible to participate in such benefits. In other words, under the statute, failure to file a request for exemption is the manifestation of assent on the part of the teacher to participate in the benefits under the law of 1935.

If we assume that there was a contractual relationship between the teachers and the defendant board as to the retirement pay based on the act of 1911, as contended by the plaintiff, then it would seem clear that there was an abandonment of the original contract and

the substitution of a new contract between the parties based on the 1935 law.

As a contract is the result of agreement, so an agreement may put an end to a contract. Therefore, a contract may be discharged at any time before performance is due by a new agreement with the effect of altering the terms of the original agreement or of rescinding it altogether. (17 C. J. S., Contracts, § 394.) The agreement to rescind need not be express. Mutual assent to abandon a contract, like mutual assent to form one, may be inferred from circumstances. The promise of one party to forego his rights under the contract is sufficient consideration for the promise of the other party to forego his rights. (3 Williston on Contracts, § 1826.)

We have, then, a new agreement between the same parties, covering the same subject matter as the original agreement, but which contains terms inconsistent with the former contract so that the two cannot stand together. It follows that the new agreement based on the 1935 act was substituted for the original agreement and became the sole agreement between the parties. Any deductions made from the salary of any teacher after 1935 (the teacher having failed to file a written request for exemption from the new act) would be under the act of 1935, although the deduction may have been at the same rate as the deductions that were made under the original act. It follows that the contentions of the plaintiff cannot be sustained, and the application for the writ must be denied. It is so ordered.