Hudson County Circuit Court.

THOMAS MORAN, PLAINTIFF, v. FIREMEN'S AND POLICE-MEN'S PENSION FUND COMMISSION OF THE CITY OF JERSEY CITY (NEW JERSEY), DEFENDANT.

Decided November 24, 1942.

For the plaintiff, *Ziegener & Brenner.*

For the defendant, *Charles A. Rooney.*

Brown, C. C. J. The plaintiff moves to strike the amended answer and for summary judgment upon the grounds that the "allegations contained in said amended answer are untrue in fact, and sham, and the separate defenses contained therein are frivolous." This is the third motion, of this kind, made in the cause. The first was denied because of a defective affidavit. The second was granted and judgment entered and

thereafter the judgment was opened for the purpose of permitting the defendant to file an amended answer and upon condition that the plaintiff may renew his motion to strike. The complaint contains the allegations that the plaintiff for several years has been a pensioned lieutenant of the police department of Jersey City; that he is entitled to a pension payment of $112.50 each month; that for several years and to the 1st day of June, 1940, the defendant paid the monthly pension. The suit is brought for twenty-three payments remaining unpaid since the date last mentioned. Suit was brought on April 21st, 1942. The amended answer and the first separate defense thereof admit the allegations in the complaint but the defendant refuses to pay the claim because it does not know whether the plaintiff is alive and is entitled to the pension and leaves the plaintiff to his proof. The new matter in the amended answer defends that the defendant is ready to pay the plaintiff at the city hall in Jersey City provided the plaintiff shall appear in person to be identified; that the defendant has adopted a regulation for such an appearance for the purpose of identification; that the defendant has refused to pay because the appearance was not made and that the defendant has no "knowledge or information sufficient to form a belief as to whether plaintiff is entitled thereto or whether the person entitled thereto is in fact alive." The sixth defense is to the effect that the defendant has adopted a regulation that for the duration of the present war, no pension checks are to be delivered if the pensioner does not reside in the United States and asserts that the plaintiff does not so reside. It should be noted that the regulations requiring the plaintiff to come and get his pension and that the defendant will not make payments unless the pensioner is a resident of the United States were adopted August 10th, 1942. The plaintiff's claim was reduced to judgment on July 10th, 1942. Monthly pension checks were forwarded by the defendant to the plaintiff from May, 1938, to June 1st, 1940, while the plaintiff was living in Ireland and in which place he continued to reside.

Before considering the proof submitted on the motion it is in order to consider the allegations in the answer. The part thereof, both in the separate defenses and otherwise, which

alleges that the defendant "does not know whether the plaintiff is alive \* \* \* and leaves the plaintiff to his proof" is in the nature of a plea in abatement. Whenever the subject-matter of a defense is that the plaintiff cannot maintain any action at any time in respect to the supposed cause of action it should be pleaded in bar; but matter which merely defeats the present proceeding and does not show that the plaintiff is forever concluded should generally be pleaded in abatement. Such was the common law practice. The defense of the "death" of a party plaintiff was always considered as a plea in abatement. While the defendant in the case under consideration does not directly charge the plaintiff as being *non est,* the essence of its argument on the motion rests primarily on that possibility. Under rule 56 of the Supreme Court pleas in abatement are abolished and in lieu thereof the objection should be made by motion. The defendant has failed to comply with this rule and it has, therefore, waived the objection by filing an answer. In any event the answer does not deny or admit the death of the plaintiff but leaves the plaintiff to his proof. An answer which does not specifically deny a matter is equivalent in law to an admission. *Union Garage Co.* v. *Wilner,* 101 *N. J. L.* 362; 128 *Atl. Rep.* 161. There is no presumption that a person in whose name a suit is brought is not living. The presumption, if any, is to the contrary. The law presumes a continuation of life until seven years have elapsed after a person has been last heard from. *Vreeland* v. *Vreeland,* 78 *N. J. Eq.* 256; 79 *Atl. Rep.* 336. A party has a right to bring a suit by and through his attorney without appearing in person. *Baldauf* v. *Russell,* 88 *N. J. L.* 303; 95 *Atl. Rep.* 96. A decision on this part of the answer is not made solely upon the effect of the pleadings and the presumption of existence but also on the proof presented. An affidavit made by the plaintiff bearing the title of the cause, sworn to on June 4th, 1942, before a consul of the United States at Dublin, Ireland, and bearing the seal of the consul contains the statement that the affiant is the plaintiff in the cause; that he resides in Dublin, Ireland, since May 10th, 1938; that he is still living and identifies his photograph

and signature that is made part of the affidavit; that the defendant is indebted to him in the sum of $2,587.50 for arrearages in pension payments since June 1st, 1940, at the rate of $112.50 a month as a retired police lieutenant of Jersey City; that the defendant has paid for several years the pension payments due before the date last mentioned. In an affidavit by Margaret Green sworn to before the American consul at Dublin, Ireland, on June 4th, 1942, she deposes and says that she is the sister of the plaintiff who has resided in Ireland since 1938; that she sees the plaintiff very often and saw and spoke to him on the day the affidavit was made. She identifies the photograph and signature contained in the plaintiff's affidavit as being that of her brother. Robert Brenner, an attorney of record for the plaintiff in his affidavit says that he has known the plaintiff for over twenty years; that he is familiar with the allegations contained in the complaint through information obtained from the defendant's representatives and correspondence with the plaintiff. He states the amount due Moran and that the defendant has refused to pay the amount due to Moran, although admitting it to be due; claiming the defendant is without knowledge that Moran is alive. This affiant says he furnished the defendant with letters and photographs of the plaintiff duly authenticated and information that plaintiff is alive and that there is on file with the Department of State at Washington the registration of the plaintiff as an American citizen for two years from July, 1941, which was approved. He further states "his belief there is no defense to the action." In an affidavit made by Frank A. Van Winkle, he says he is secretary of the defendant; he admits that Moran was retired on a pension of $112.50 a month to be paid by the defendant and that Moran has not appeared in person for his pension in over four years; that the "majority" of pensioners appear in person for their pension; that Moran has been paid his pension to June 1st, 1940, and that the pension checks payable since that time are being held for Moran as the defendant does not know "whether Moran is alive." In the answer filed the defendant makes no specific denial that it does not owe the plaintiff the debt claimed to be due but leaves the plaintiff

to his proof. The separate defenses remaining for consideration involves regulations adopted by the defendant on August 10th, 1942, which are pleaded generally in separate defenses and are as follows:

"16. In order to obtain assurance that the person claiming pension moneys is actually the person entitled thereto, The Commission may, at any time, require the said person to appear personally at the office of the Commission before the Commission will be required to make payment to said pensioner.

"17. In no case for the duration of the present war, are pension checks to be delivered if the pensioner does not reside in the United States."

The general rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance in the continuance of which the pensioner has no vested right and that a pension is, accordingly, terminable at the will of the grantor. 37 *Amer. & Eng. Ann. Cases,* 1915C, *p.* 751; *Pennie* v. *Reis,* 132 *U. S.* 464. It is, however, conceded in most jurisdictions that where any particular payment under a pension has become due, the pensioner has a vested right therein. *Amer. & Eng. Ann. Cases, supra; Pennie* v. *Reis, supra,* and the claim may be enforced by an action of debt; *Passaic National Bank* v. *Erlman,* 116 *N. J. L.* (at *p.* 284). If the right to a pension installment has matured the same may not be denied or interfered with by subsequent amendments or regulations concerning the payment; 112 *A. L. R.* 1011. It clearly appears in the case under consideration that the claim of the plaintiff is based on a vested right; that while the regulations adopted by the defendant on August 10th, 1942, may or may not affect pension payments that become due after that date such regulations do not affect the vested right of the plaintiff which matured long before that date. As to whether the regulations adopted on the date last mentioned may or may not be reasonable does not affect, in either case, the vested right of the plaintiff. The plaintiff's motion is granted and judgment may be entered in favor of the plaintiff for the amount specified in the complaint with interest and costs of suit.