BROWN *v.* CITY OF HIGHLAND PARK.

1. MUNICIPAL CORPORATIONS — PENSIONS — CONTRACTS — VESTED RIGHTS.

While payments of an annuity in the form of a pension must be made to an employee of a home-rule city as long as the pension remains unrevoked, where charter provision pursuant to which payment was made was amendable, there was no contract as to the pension between the city and the employee, hence latter had no vested right thereto and the pension was terminable at the will of the city (1 Comp. Laws 1929, § 2228 *et seq.;* Highland Park Charter, chap. 14, as amended effective July 1, 1945).

2. Appeal and Error—Questions Reviewable—Res Judicata—Home-Rule Cities—Pensions. ·

Whether or not an unappealed decree of a circuit judge rendered in 1943 was *res judicata* as to right to continuance of pension payments by home-rule city is not determined as to payments payable after 1945 charter amendment, where unnecessary to decision of case and like conclusion is arrived at (1 Comp. Laws 1929, § 2228, *et seq.;* Highland Park Charter, ˙chap. 14, as amended effective July 1, 1945).

3. Costs—Public Question—Home-Rule Cities—Pensions.

No costs are allowed in suit to determine right to continuation of pension payments in undiminished amount after home-rule city charter amendment, a question of public importance being involved (1 Comp. Laws 1929, § 2228 *et seq.;* Highland Park Charter, chap. 14, as amended effective July 1, 1945).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 16, 1947. (Docket No. 51, Calendar No. 43,618.) Decided February 16, 1948.

Petition by Stephen D. Brown and Frank T. Nelson ·against City of Highland Park and others for a decree determining the amount of pension due the plaintiffs and to declare a charter amendment invalid. Cross bill by defendants against plaintiffs and others for decree determining that issues are *res judicata* under a prior decision of circuit court. Decree for defendants. Plaintiffs and cross-defendants appeal. Defendants cross-appeal. Affirmed.

*Julian F. Russell,* for plaintiffs and cross-defendants.

*Earl B. Young* and *Claude H. Stevens,* for defendants.

Reid, J. Plaintiffs and appellants, Stephen D. Brown and Frank T. Nelson, filed a petition for a

declaration of rights pursuant to 3 Comp. Laws 1929, § 13903 (Stat. Ann. § 27.501).

The questions involved are: (1) Whether a policeman or fireman who has fulfilled all of the conditions required of him by law to receive a pension has a vested right to future payments, of which he cannot be deprived by subsequent legislation, and (2) Whether a decree in a former chancery litigation between the same parties is *res judicata* as to legislation changing the basis of determination of pension, which legislation was enacted after the said decree was signed.

The questions presented are as to the validity of a charter amendment adopted by the city of Highland Park at its November 7, 1944 election, which amendment became effective July 1, 1945 and is hereinafter referred to as the 1945 amendment. The amendment in question reduced (in some cases) the pensions paid to retired firemen and policemen and to the widows of firemen and policemen.

The city of Highland Park is a home-rule city, incorporated under the provisions of Act No. 279, Pub. Acts 1909, as amended (1 Comp. Laws 1929, § 2228 *et seq.* [Comp. Laws Supp. 1945, § 2228 *et seq.,* Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 5.2071 *et seq.*]). In its original charter, which became effective April 4, 1918, a provision was embodied providing for a pension of $50 per month upon disability or retirement of policemen or firemen after a specified number of years of service. This provision of the charter was amended in 1923, 1929, 1937, 1942 and 1945, each amendment changing the basis upon which the amount of pension was to be determined.

Prior to the 1945 amendment, as a result of the recommendations made by an accountant employed by the city, the authorities of the city determined to bring about a revision of the pensions allowed un-

der the charter, in order to protect the stability of the city's financial situation.' The city council proposed an amendment to chapter 14, the part of the charter having to do with pensions, which proposal, herein referred to as the 1945 amendment, was approved by the voters and under its provisions the pensions of both plaintiffs were reduced in amount.

The city filed a cross petition in this case and joined some 20 other cross-defendants in order that the case might be considered as a class suit and that the decree which might be entered would be binding upon all persons having an interest in the subject matter.

Plaintiff Brown was appointed a member of the fire department of the city on August 25, 1914, and resigned April 19, 1915; he was appointed a probationary patrolman, October 31, 1921, and his appointment was confirmed January 28, 1922. On October 14, 1943, he was retired from the division of police of the city pursuant to council resolution dated September 14, 1943, which is as follows:

"Moved that Stephen D. Brown, whose service with the division of police of the city of Highland Park, Michigan, will total more than 20 years on October 14, 1943, upon his own application, be and he is hereby retired from said division subject to the provisions of chapter 14 of the city charter, said retirement to take effect as of October 14, 1943.

"Be it further resolved, that the said Stephen D. Brown be relieved from duty with pay from September 14, 1943.

"Carried."

It must be noted that Brown's retirement was subject to the provisions of chapter 14 of the charter, which charter by its own terms was amendable.

Plaintiff Nelson was appointed a probationary patrolman in the division of police of the city in May, 1920; his appointment was confirmed Au-

gust 22, 1920, and on and after July 1, 1945, he became eligible for retirement.

During the period of plaintiffs' service, deductions, on percentage basis, were required by the ordinance to be made from their salaries and such deductions were credited to a fund of the city toward payment of pensions. This was done without any express agreement or protest on the part of plaintiffs so far as the record discloses.

Each of the plaintiffs claims that he has fulfilled all the conditions required of him under the charter of Highland Park in order for him to receive a pension. Each plaintiff claims that the city had no right to decrease his pension and each claims that he has a vested right to future payments as a matter of contract and that in view of the provisions of the Federal Constitution he cannot by subsequent changes in the charter be deprived of his vested rights.

Plaintiffs cite and rely upon *Bowler* v. *Nagel*, 228 Mich. 434 (37 A. L. R. 1154). Plaintiff in that case brought mandamus to compel William J. Nagel, controller of the city of Detroit, to pay an amount due plaintiff from the pension fund. In granting the writ we say, in the majority opinion written by Justice Sharpe, at pp. 440, 441,

"The moneys to be paid to retiring employees under the amendment are not gratuities. They are annuities, commonly called pensions, and in the nature of compensation for services theretofore rendered.  *  *  *.  Such payments are provided for in laws like that before us in the belief on the part of those favoring their enactment that the city is benefited thereby, that more efficient service is rendered, and that the long continuous service necessary to bring the employees within its provisions justifies its payment as an economic proposition."

The language of that opinion just cited is the part of the opinion on which plaintiffs mostly rely but the entire opinion must be read to explain the meaning of the words cited. We did not in that case decide that the granting and acceptance of the pension constituted a contract between the employer, the city of Detroit, and the pensioner. We merely determined that as long as the pension stood unrevoked by the city, the controller was obliged to issue the checks in accordance with the pension system.

We entertain no doubt that it is competent for the city of Highland Park to adopt a pension system reasonable in its provisions, but the important question in this case is whether a contract was entered into on the part of the city of Highland Park with each of the plaintiffs, the obligation of which the city is forbidden by the Federal Constitution to impair. The question for us to determine in this case is not the power nor the capacity of the parties, which power and capacity are not disputed; what we must determine is whether or not under the circumstances disclosed in the record a contract is to be considered as having been entered into between the parties binding upon each and providing for a pension in the amount claimed by plaintiffs.

In the case of *Attorney General* v. *Chisholm,* 245 Mich. 285, this Court decided quo warrantô proceedings brought by the attorney general of this State against certain persons to determine their rights as members of the teachers' retirement fund board of the State of Michigan. Defendants were members of the board created by Act No. 174, Pub. Acts 1915 (2 Comp. Laws 1915, § 5767 *et seq.*), which act was known as the teachers' pension act, and which act was repealed by Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7094 *et seq.* [Stat. Ann. § 15.1 *et seq.*]). The board created by the act of 1915 to

administer the teachers' pension fund assumed to function after the act of 1927 became effective, claiming that the repealing act was unconstitutional. Among other things, the defendants in that case contended that the relations between the State and the teachers are contractual and beyond the power of the legislature to impair (p. 287). Justice FELLOWS in speaking of the board, after discussing the opinion in *Attorney General* v. *Connolly,* 193 Mich. 499, says, pp. 288, 289:

"If the contributions to the fund provided for by section 6 of the act are not contributions by the teachers of their money, but are appropriations of public money, and this Court so held in the *Connolly Case,* it must be manifest that a contract has not been made between the State and the teacher, and the question of impairment of contracts must be deemed to be settled by that case. While we are doubtless committed by the *Connolly Case,* attention should be called to the recent case of *People, ex rel. Donovan,* v. *Retirement Board of the Policemen's Annuity & Benefit Fund,* 326 Ill. 579 (158 N. E. 220, 54 A. L. R. 940), and the valuable and exhaustive note following the report of the case in 54 A. L. R. beginning at page 943."

We further note later cases cited in 98 A. L. R. 505 and 112 A. L. R. 1009–1012, especially *City of Dallas* v. *Trammell,* 129 Tex. 150 (101 S. W. [2d] 1009, 112 A. L. R. 997), cited in 112 A. L. R. 1009.

We are convinced that the majority of cases in other jurisdictions establishes the rule that a pension granted by public authorities is not a contractual obligation, that the pensioner has no vested right, and that a pension is terminable at the will of a municipality, at least while acting within reasonable limits. At best plaintiffs in this case have an expectancy based upon continuance of existing charter provisions. 112 A. L. R. 1011, *supra.*

In this case the pension was not any part of the contract of employment.  Each plaintiff upon entering the employment of the city did so with full knowledge imputable to him that the charter provisions concerning pensions could be amended. Neither plaintiff had any express contract that an irrevocable pension should be a portion of his salary.

The second question involved in this litigation is as to whether a decree signed by Circuit Judge Keidan in 1943 is *res judicata* of matters involved in an attack on the 1945 amendment.

In the case at bar the decree of the lower court sustained in general the claim of the city respecting its right to make changes in its pension system but the circuit judge struck out from the decree a finding of *res judicata,* which finding was requested by the city.   The city took a general cross appeal, which appeal, however, is more importantly aimed at obtaining a judicial determination of *res judicata.*

Both parties agree that Judge Keidan's decree is *res judicata* as to matters as they stood in 1943. Judge Keidan's decree determined that there was no vested interest in future instalments of the pension.   That determination stood unappealed from. Therefore, defendant city contends that Judge Keidan's decree amounted to *res judicata,* even though the 1945 amendment had not at the date of the decree been adopted by the city.  We do not find it necessary to determine that question.  We determine this case against plaintiffs on the ground that they had no vested right to the pensions.

The decree of the circuit court is affirmed.  A decree may be entered herein in accordance with this opinion.  No costs are allowed, a question of public importance being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.